UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **TINLEY CROSSINGS RESTAURANT, INC., NLRG, INC., OPRG, INC., DGRG, INC.,** and **CHARLES GATTO**, an individual, <br><br> Defendants. | Case No.: 18-cv-4660 |

## COMPLAINT

Plaintiff, **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin **TINLEY CROSSINGS RESTAURANT, INC., NLRG, INC., OPRG, INC., DGRG, INC.**, (collectively "corporate defendants") and **CHARLES GATTO**, an individual, (collectively "defendants") from violating the provisions of sections 11 and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 *et seq.*) ("the Act"), pursuant to section 17 of the Act.

**I.**

Jurisdiction of this action is conferred upon the court by section 17 of the Act.

**II.**

(a) Defendant, **TINLEY CROSSINGS RESTAURANT, INC.,** an Illinois corporation, doing business as **Gatto's Restaurant and Bar**, having its main office and place of business at 8801 W, 143rd St., Orland Park, Illinois 60462, within the jurisdiction of this court and is, and at all times hereinafter mentioned was, engaged at that address in operating a restaurant.

(b) Defendant, **OPRG, INC.,** an Illinois corporation, doing business as **Gatto's Restaurant and Bar**, having its main office and place of business at 8801 W, 143rd St., Orland Park, Illinois 60462, within the jurisdiction of this court and is, and at all times hereinafter mentioned was, engaged at that address in operating a restaurant.

(c) Defendant, **DGRG, INC.,** an Illinois corporation, doing business as **Gatto's Restaurant and Bar**, having its main office and place of business at 5123 Main St., Downers Grove, Illinois 60654, within the jurisdiction of this court and is, and at all times hereinafter mentioned was, engaged at that address in operating a restaurant.

(d) Defendant, **NLRG, INC.,** an Illinois corporation, doing business as **Gatto's Restaurant and Bar**, having its main office and place of business at 1938 E. Lincoln Hwy, New Lenox, Illinois 60451, within the jurisdiction of this court and is, and at all times hereinafter mentioned was, engaged at that address in operating a restaurant.

(e) Defendant, **CHARLES GATTO,** an individual, is and, at all times hereinafter mentioned, was actively supervising the day-to-day operations and management of the **corporate defendants** in relation to their employees. At all times hereinafter mentioned, **CHARLES GATTO** is and was engaged in business within Cook County at the above locations, within the jurisdiction of this court. **CHARLES GATTO** acted directly or indirectly in the interest of **corporate defendants** in relation to their employees and is an employer under section 3(d) of the Act.

## III.

Corporate defendants are and, at all times hereinafter mentioned, were, engaged in performance of related activities for a common business purpose, constituting an enterprise within the meaning of section 3(r) of the Act.

IV.

Corporate defendants are and, at all times hereinafter, have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, having been and being an enterprise having an annual dollar volume in excess of $500,000 and having had and having employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been produced for or moved in commerce.

V.

Defendant, **TINLEY CROSSINGS RESTAURANT, INC**., is and, at all times hereinafter, has repeatedly violated the provisions of sections 7 and 15(a)(5) of the Act, in that it failed to pay one and one half times the regular rate for hours in excess of 40 in a workweek. Defendant paid a daily rate, in cash, to employees working in the kitchen for all hours worked and did not pay the overtime premium for hours in excess of 40 in a workweek.

VI.

Defendants, employers subject to the provisions of the Act, have repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that they have failed to make, keep and preserve adequate and accurate records of their employees and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by regulations (29 C.F.R. § 516) issued by the United States Department of Labor. Records kept by defendants fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek, with respect to many of their employees. Specifically, Defendants failed to maintain records of the hours worked each workday and each workweek for all employees; records of daily or weekly earnings for all employees; records of total wages paid

to all employees including cash payments; and employee information including employee's full names, addresses, occupation and shifts worked, dates of hire, and hourly rates or salaries.

## VII.

During the period since January 17, 2016, Defendants have repeatedly violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, Plaintiff prays for a judgment against Defendants as follows:

a. For an Order pursuant to section 17 of the Act, permanently enjoining and restraining Defendants and its officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of sections 11 and 15 of the Act; and

b. For an Order awarding Plaintiff costs of this action; and

c. For an Order granting such other and further relief as may be necessary or appropriate.

Respectfully submitted,

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**P.O. ADDRESS:**
U.S. Department of Labor
Office of the Solicitor
    Eighth Floor
230 S. Dearborn Street

*/s/ Linda J. Ringstad*
**LINDA J. RINGSTAD**
Attorney

Attorneys for **R. ALEXANDER ACOSTA**,

Chicago, Illinois  60604  
Telephone: (312) 353-3668  
Email: Ringstad.linda@dol.gov

Secretary of Labor, United States Department of Labor, Plaintiff